UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS/CALY ARAIZA,<br><br>Defendant. | Case No. 08-cr-00214-VRW-1  (JD)<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Re: Dkt. No. 58 |

Defendant Carlos/Caly Araiza has filed a motion for early termination of her 10-year term of supervised release, which is currently set to end in August 2022. Dkt. No. 58. This is Araiza's second such motion. Her first motion was denied by the Court on September 19, 2018. Dkt. No. 56.

In her motion, Araiza contends that "circumstances have changed such that [she] believes the Probation Department may have a more favorable opinion of her request for early termination of supervision." Dkt. No. 58 at 2. Indeed, the probation office previously "[did] not support defendant's request for early termination of supervised release based on the fact that her offense involved receiving images of child pornography," Dkt. No. 56 at 3, but for this renewed motion, states that it "neither requested nor will it oppose the request for early termination." Dkt. No. 60 at 2.

That is not much of a change, and overall, the record as a whole does not demonstrate a material change of circumstance sufficient to warrant a different outcome for Araiza's second request for early termination of supervised release. All of the reasons weighing against early termination outlined by the Court in its previous order continue to apply. *See* Dkt. No. 56. As the Court noted at that time, defendant's compliance with the terms of supervised release -- while

preferable to the alternative -- is expected from a person on supervision, and does not constitute exceptional behavior that would warrant early termination of supervised release. *Id*. at 4. The serious nature and circumstances of the conviction offense, along with consideration of the other relevant factors under 18 U.S.C. § 3553(a), continue to support the conclusion that defendant has not demonstrated changed circumstances since the time of her sentencing, or since the denial of her first early termination motion, rendering the term of supervised release too harsh or inappropriately tailored to serve the penological objectives and policies of § 3553(a). *Id*. at 2; *see United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000).

Araiza's motion for early termination of supervised release is denied.

**IT IS SO ORDERED.**

Dated:  December 31, 2020

JAMES DONATO
United States District Judge